UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EMPRESAS CABLEVISIÓN, S.A.B. DE C.V.,

                Plaintiff,

-against-

JPMORGAN CHASE BANK, N.A. and J.P. MORGAN SECURITIES INC.,

                Defendants.

09 Civ. _____ (___)

**MEMORANDUM IN SUPPORT OF APPLICATION TO FILE COMPLAINT UNDER SEAL**

---

Plaintiff Empresas Cablevisión, S.A.B. de C.V. ("Cablevisión") respectfully submits this memorandum in support of its motion to file under seal (for a period of 30 days subject to renewal by this Court) the Complaint in this action against Defendants JPMorgan Chase Bank, N.A. and J.P. Morgan Securities Inc. (together, "JPMorgan").

### Statement of Facts

This action arises from JPMorgan's breach of Plaintiff Cablevisión's bargained-for contractual right to veto assignments of a $225 million loan that JPMorgan made to Cablevisión in 2007 pursuant to a Credit Agreement. As described in the complaint, upon information and belief, JPMorgan – without obtaining Cablevisión's required consent – has transferred 90 percent of the loan to a bank under common control with two companies that are not only key competitors of Cablevisión, but that also have the power to impair Cablevisión's business. In the Complaint, Cablevisión seeks declaratory and injunctive relief against JPMorgan to remedy the abrogation of Cablevisión's veto right. *See Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.*, 339 F.3d 101 (2d Cir. 2003).

More specifically, as detailed in the complaint, JPMorgan has transferred a 90 percent interest in the loan to Banco Inbursa, a Mexican bank controlled by the same individual (Carlos Slim, reported to be Mexico's wealthiest business person) and his family that also controls Teléfonos de México, S.A.B. de C.V. ("Telmex"), one of Cablevisión's principal competitors in the telecommunications marketplace. Telmex owns or controls over 80 percent of all telephone land lines in Mexico. As the private successor to what previously was the government-owned telephone monopoly, Telmex has the largest telephone line network in Mexico and it still has the so-called "last mile" connection to most homes in Mexico. América Movil, S.A.B. also controlled directly and/or indirectly by the Slim family, provides or controls through its subsidiary Radiomovil Dipsa, S.A. de C.V. (commonly known as "Telcel") over 70 percent of all cellular phone service in Mexico. That is, more than seven out of ten cell phone lines in Mexico are Telcel lines. The Slim empire is anticipated soon to be a major competitor of Cablevisión in the critical Triple Play market that offers consumers packages of Internet, telephone and pay television services. Cablevisión already competes with Telmex by offering telephone and internet services in "Triple Play" packages, and Telmex already offers internet, as well as phone services. Telmex has announced its intention to offer a "Triple Play" package (as phone companies such as Verizon have done in the United States), including pay television service, and Telmex is only awaiting expected Mexican regulatory approval to do so.

The assignment of almost all of Cablevisión's $225 million loan to a financial institution within Mr. Slim's empire has tremendous and grave significance for Cablevisión. By effectively replacing JPMorgan as the principal lender to Cablevisión, Banco Inbursa not only gains access to Cablevisión's most confidential and competitively sensitive business information, including business plans and projections, but perhaps most importantly gains the right to enforce, or grant

waivers to, the various "restrictive covenants" with which Cablevisión agreed to comply in the Credit Agreement governing the loan. These covenants restrict, among other things, Cablevisión's ability to incur debt, make investments, sell assets, and expend capital – some of the most crucial factors affecting Cablevisión's ability to compete, in particular against Telmex. It is a common practice for the borrower to seek waivers to such restrictive covenants during the life of a long-term loan. Here, Cablevisión's loan undertaken in 2007 does not mature until December 21, 2012, and just this year, in May 2009, JPMorgan approved an important waiver Cablevisión had requested in order to increase capital expenditures in support of competitive expansion.

At the same time, the Slim-controlled companies' dominant ownership of telephone land lines and cellular phone services in Mexico has significant ramifications for Cablevisión. Cablevisión, through its operating company, offers its customers telephone services through the fiber optic networks of Bestphone, S.A. de C.V. and Operbes, S.A. de C.V., which both do business under the brand name "Bestel." Given that Telmex controls over 80 percent of the land line telephone service in Mexico, and Telcel provides over 70 percent of cell phone service in Mexico, it is not possible for other phone companies effectively to reach the overwhelming majority of Mexican phone users without connectivity through Telmex and Telcel networks. Thus, in order to provide phone service that can effectively reach most Mexican land lines and cell phones, Bestel must enter interconnectivity agreements with both Telmex and Telcel, the Slim-controlled companies. While the Slim-controlled companies must grant interconnectivity under Mexican law, the reality is that these Slim-controlled companies retain the practical ability, at least in the short term, to impede both the volume and effectiveness of Bestel phone services.

As detailed in the accompanying declaration of Jose Arnoldo Adame Rivera (the "Adame Declaration" or "Adame Dec."), steps the Slim-controlled companies can take to impede Bestel phone services include, among other things, assertions by the Slim-controlled companies that they purportedly lack capacity to add additional access links for Bestel phones (thereby limiting the quantity of phone service Bestel can offer), the delay of availability of such links, and direct interference with connections or connection-quality for Bestel phone users (thereby limiting the quality of phone service Bestel and Cablevisión can offer).

Such steps are not purely hypothetical. As also detailed in the Adame Declaration, other phone companies have filed claims alleging that both Telcel and Telmex have interrupted phone traffic by not connecting or maintaining calls. As the Declaration recounts:

- It has been reported that in 2008, Axtel, S.A.B. de C.V., claimed first before Mexico's Comisión Federal de Telecomunicaciones ("Cofetel"), and then before the Secretaría de Comunicaciones y Transportes, that Telmex had disconnected 120 of Axtel's interconnection ports, affecting about 3 percent of Axtel's traffic.

- In 2009, Marcatel brought a claim before Cofetel, alleging that Telmex interrupted Marcatel phone traffic on connections through Telmex land lines.

- In 2007, when Cablevisión's operating company itself negotiated an interconnection agreement with Telmex, Telmex purposefully delayed the execution of the final agreement. Cablevisión ultimately had to commence a proceeding before Cofetel, the Mexican communications authority, and Telmex did not execute the agreement until Cofetel ordered Telmex to do so.

JPMorgan's conduct has thus placed Cablevisión in an untenable position that triggers this motion for leave to file the Complaint under seal. On the one hand, Cablevisión's efforts to resolve the dispute with JPMorgan have been initially rebuffed and then ignored, leaving Cablevisión no choice but to seek relief in this Court. On the other hand, although the legal claims here are only against JPMorgan and arise solely from the Credit Agreement to which only Cablevisión and JPMorgan are parties, making the claims here public could subject Cablevisión and Bestel to disruptive retaliation by Telmex and Telcel, which are under common Slim-family control with Banco Inbursa.

Unless Cablevisión is granted leave to file the Complaint under seal, Cablevisión will be unable to pursue claims against JPMorgan without subjecting itself and Bestel to the risk of retaliation by Telmex and Telcel. And that risk extends not only to Cablevisión, but also to two other Mexican cable television companies, Cablemás, S.A. de C.V. ("Cablemás") and Televisión Internacional, S.A. de C.V. ("TVI"), both of which, like Cablevisión, Bestphone, S.A. de C.V. and Operbes, S.A. de C.V., are either majority owned or substantially owned by Grupo Televisa, S.A.B. Cablemás and TVI depend either directly or indirectly on Telmex and Telcel for interconnection services.

Cablevisión therefore respectfully requests that its motion for leave to file the Complaint under seal be granted for 30 days, subject to renewal by this Court.

**Argument**

The Second Circuit has held that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (internal quotation marks and citation omitted) (affirming

district court's order placing the entire case file, except for the court's opinions and orders, under seal); *see also Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000) (trial court has "considerable discretion" in "consider[ing] a request to seal a file or to approve or take other protective measures."). In exercising that discretion, the Court must first determine whether a presumption of access applies pursuant to either the common law or the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, *id.* at 119, the weight of the presumption varies depending on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The presumption of access must be balanced against "competing considerations." *Id.* at 120 (internal quotation marks and citation omitted). Among the relevant countervailing factors are the "privacy interests of those resisting disclosure" and the "nature and degree of injury" that will result from disclosure. *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). As the Second Circuit has explained, "[t]his will entail consideration not only of the sensitivity of the information and the subject but also of how the person seeking access intends to use the information. Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts, and personal vendettas similarly need not be aided." *Id.*

The presumption of access to materials that arises under the First Amendment can also be rebutted. Even where the presumption applies, documents may still be sealed "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (internal quotation marks and citation omitted).

It is respectfully submitted that here, the threats to Cablevisión from public disclosure, discussed above and in the accompanying Adame Declaration, provide compelling justification to restrict public disclosure of the Complaint at this time. As noted above, it is JPMorgan's conduct in breach of the Credit Agreement that has left Cablevisión in the untenable position of needing to seek relief in this Court, where public disclosure of the claim could lead to retaliation by competitors Telmex and Telcel.

Thus, given the "nature and degree of injury" that will likely result from disclosure of this lawsuit, *Amodeo*, 71 F.3d at 1051, Cablevision respectfully seeks to file its complaint under seal.[1]

---

[1] In this regard, we note that in the *Wisdom Import Sales* litigation, *supra*, similarly involving a claim that the defendant had abrogated the plaintiff's contractually bargained-for veto right, the Court permitted the complaint and other submissions to be filed under seal. *See* Exhibit A hereto (Docket for Case # 1:02-cv-03249-AKH).

## CONCLUSION

For the foregoing reasons, Plaintiff Cablevisión respectfully requests that this Court grant its motion to file its complaint under seal for a period of 30 days, subject to renewal by the Court.

Dated: New York, New York
December 4, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: *Stephen R. Neuwirth*
Stephen R. Neuwirth
Daniel P. Cunningham
Judd R. Spray

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*stephenneuwirth@quinnemanuel.com*
*danielcunningham@quinnemanuel.com*
*juddspray@quinnemanuel.com*

*Attorneys for Plaintiff*
*Empresas Cablevisión, S.A.B. de C.V.*

8

# EXHIBIT A

CLOSED

# U.S. District Court
## United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:02-cv-03249-AKH

| | |
|---|---|
| Wisdom Import Sales, et al v. Labatt Brewing Co., et al | Date Filed: 04/29/2002 |
| Assigned to: Judge Alvin K. Hellerstein | Date Terminated: 10/21/2003 |
| Demand: $0 | Jury Demand: None |
| Cause: 28:1332 Diversity-Breach of Contract | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

ABC
*TERMINATED: 06/05/2002*

represented by **Stephen Randall Neuwirth**
Quinn Emanuel Urquhart Oliver & Hedges LLP (NYC)
51 Madison Avenue
22nd Floor
New York , NY 10010
(212)702-8100 x8165
Fax: (212)702-8200
Email: stephenneuwirth@quinnemanuel.com
*TERMINATED: 06/05/2002*
*LEAD ATTORNEY*

**Plaintiff**

**Wisdom Import Sales Company, L.L.C.**

represented by **Stephen Randall Neuwirth**
(See above for address)
*LEAD ATTORNEY*

V.

**Defendant**

**DEF**
*TERMINATED: 06/05/2002*

**Defendant**

**Labatt Brewing Company Limited**

represented by **David B. Tulchin**
Sullivan & Cromwell, L.L.P.
125 Broad Street
New York , NY 10004
(212) 558-4000
Email: tulchind@sullcrom.com
*LEAD ATTORNEY*

**Defendant**

Labatt Holdings, Inc.                                represented by   **David B. Tulchin**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*

**Defendant**

Labatt USA, L.L.C.                                   represented by   **David B. Tulchin**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*

**Defendant**

LF Holdings I, L.L.C.                                represented by   **David B. Tulchin**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*

**Defendant**

Interbrew, S.A.                                      represented by   **David B. Tulchin**
                                                                     (See above for address)
                                                                     *LEAD ATTORNEY*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 04/29/2002 | 1 | ORDER, sealing case . ( signed by Judge Robert J. Ward ); Copies mailed. (dle) (Entered: 04/30/2002) |
| 04/29/2002 |   | Magistrate Judge James C. Francis is so designated. (dle) (Entered: 04/30/2002) |
| 04/29/2002 |   | CASE SEALED. (dle) (Entered: 04/30/2002) |
| 04/29/2002 | 3 | Notice of Case Reassignment to Judge John S. Martin . Copy of notice and judge's rules mailed to Attorney(s) of record: Stephen R. Neuwirth . (gmo) (Entered: 05/08/2002) |
| 05/07/2002 | 2 | SEALED DOCUMENT placed in vault. (wv) (Entered: 05/07/2002) |
| 05/07/2002 | 6 | SEALED DOCUMENT placed in vault. (wv) (Entered: 05/13/2002) |
| 05/08/2002 | 4 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/09/2002) |
| 05/09/2002 | 5 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/09/2002) |
| 05/15/2002 | 7 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/15/2002) |
| 05/15/2002 | 8 | SEALED DOCUMENT placed in vault. (wv) (Entered: 05/16/2002) |
| 05/16/2002 | 9 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/16/2002) |
| 05/16/2002 | 10 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/17/2002) |
| 05/20/2002 | 11 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/20/2002) |
| 05/20/2002 | 12 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/20/2002) |

| 05/23/2002 | 13 | SEALED DOCUMENT placed in vault. (wv) (Entered: 05/23/2002) |
|---|---|---|
| 05/24/2002 | 14 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/24/2002) |
| 05/24/2002 | 15 | NOTICE OF APPEAL from Defendants. Copies of notice of appeal mailed to Attorney(s) of Record: Stephen R. Neuwirth. $105.00 Appeal Filing Fee paid 5/24/02 on receipt # E 440362. (sb) (Entered: 05/28/2002) |
| 05/28/2002 | | Notice of appeal and certified copy of docket to USCA: [15-1] appeal ; Copy of notice of appeal sent to District Judge. (sb) (Entered: 05/28/2002) |
| 05/28/2002 | 16 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/28/2002) |
| 05/29/2002 | 17 | SEALED DOCUMENT placed in vault. (js) (Entered: 05/29/2002) |
| 06/05/2002 | 18 | MEMO-ENDORSEMENT on Notice of Withdrawal of Motion to Dismiss the Complaint; defts withdraw the Motion to Dismiss, fld on 5/15/02 ( signed by Judge John S. Martin ); Copies mailed. (cd) (Entered: 06/11/2002) |
| 06/05/2002 | 19 | ORDER, Defts are hereby enjoined during the pendency of these proceedings and from this date and time from taking any further actions in furtherance of the litigation of Beck's into Labatt USA L.L.C. and that Pltff shall, no later than 5:00pm on 5/28/02, file a bond in the amount of $5,000,000 to indemnify the Defts from any damages they may suffer should it be determined that this injunction should not be issued . ( signed by Judge John S. Martin ); Copies mailed. (dcap) Modified on 06/24/2002 (Entered: 06/21/2002) |
| 06/05/2002 | | MEMO-ENDORSEMENT on [19-1] order Defts are hereby enjoined during the pendency of these proceedings and from this date and time from taking any further actions in furtherance of the litigation of Beck's into Labatt USA L.L.C., [19-2] relief that Pltff shall, no later than 5:00pm on 5/28/02, file a bond in the amount of $5,000,000 to indemnify the Defts from any damages they may suffer should it be determined that this injunction should not be issued, [19-3] relief. Pending further order of the Court, all files in this action or that have previously been sealed shall remain sealed but in all respects this action is unsealed and all papers filed subsequent hereto shall be part of the public record, except where specifically ordered to be sealed . ( signed by Judge John S. Martin ); Copies mailed. (dcap) Modified on 06/24/2002 (Entered: 06/21/2002) |
| 06/05/2002 | | Case unsealed. Purs. to Memo Endorsement on Doc# 19 dtd 6/5/02. (dcap) (Entered: 06/24/2002) |
| 06/05/2002 | 21 | Memo-Endorsement on letter addressed to Judge Martin from Stephen R. Neuwirth, dated 5/28/02; granting plaintiff requests for a one-day extension of time to file the bond required by the Court's Order of 5/23/02 . ( signed by Judge John S. Martin ); Copies mailed. (pl) (Entered: 07/02/2002) |
| 06/18/2002 | 20 | UNSEALING ORDER; that the Clerk of the Court is directed to unseal all records in the case except: (a) The FEMSA Cervesa Mgmt. Committee document included as Exhibit 10 to Defendants Exhibit Binder (previously filed under seal); (b) The Labatt USA Long-Range Plan 2003-2005, included as Exhibit 4 to Plaintiff's Cross-Examination Binder (not yet filed) . ( signed by Judge John S. Martin ); Copies mailed; forwarded this document to the Case |

| | | |
|---|---|---|
| | | Mgmt. Section. (pl) Modified on 06/24/2002 (Entered: 06/20/2002) |
| 06/18/2002 | 22 | STIPULATION and PROTECTIVE ORDER, regarding procedures that shall govern the handling of "Confidential or Highly Confidential" documents or information . ( signed by Judge John S. Martin ) (ae) (Entered: 07/03/2002) |
| 06/18/2002 | 24 | ORDER; this action is filed under seal until furthr notice ; ( signed by Judge Robert J. Ward ); Copies mailed. (docmt unsealed purs to Order dated 06/18/02, documt #20) (djc) Modified on 07/11/2002 (Entered: 07/11/2002) |
| 06/18/2002 | 25 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c). (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 26 | ORDER TO SHOW CAUSE by Wisdom Import Sales; Show Cause Hearing set for 2:30 p.m. on 5/10/02; for preliminary injunction ; ( signed by Judge Robert J. Ward - Part I ); Copies mailed. (djc) Modified on 07/12/2002 (Entered: 07/11/2002) |
| 06/18/2002 | 27 | MEMORANDUM OF LAW by Wisdom Import Sales in support of [26-1] motion for preliminary injunction. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 28 | DECLARATION of Sergio Saenz Garza by Wisdom Import Sales Re: personal knowledge of matter set forth herein. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 29 | NOTICE OF MOTION by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. for leave to file an oversized Memorandum ; Return Date not indicated. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 30 | MEMORANDUM OF LAW by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. in opposition to [26-1] motion for preliminary injunction. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 31 | RULE 1.9 CERTIFICATE filed by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 32 | DECLARATION of Bryan J. Semkuley by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: based on personal knowledge. (docmt unsealed purs to Order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 33 | DECLARATION of Barbara A. Silverberg by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. (document unsealed purs to Order dated 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 34 | DECLARATION of John Lennon by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: (concerning personal knowledge of matters set forth herein); (docmt unsealed purs to Order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |

| | | |
|---|---|---|
| 06/18/2002 | 35 | DECLARATION of Richard John Benson-Armer by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: concerning personal knowledge of the matters discussed in this Declaration. (docmt unsealed prus to order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 36 | DECLARATION of Michael Nash by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: personal knowledge of matters set forth in this declaration; (document unsealed purs to Order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 37 | DECLARATION of Simon Bergson by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: personal knowledge of matter set forth in this declaration; (docmt unsealed purs to order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 38 | DECLARATION of Danny Holland by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: personal knowledge of matter set forth in this declaration; (docmt unsealed purs to Order dated 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 39 | DECLARATION of Herman Schamberger, III by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: personal knowledge of matter set forth. (docmt unsealed purs to Order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 40 | DECLARATION of John Lennon by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. Re: personal knowledge of matters as set forth; (docmt unsealed purs to order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 41 | REPLY MEMORANDUM of LAW by Wisdom Import Sales in support re: [26-1] motion for preliminary injunction. (docmt unsealed purs to order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 42 | REPLY Declaration of Michael J. Mazzoni regarding personal knowledge of matters as set forth herein; (docmt unsealed purs to Order of 06/18/02, docmt #20) (djc) Modified on 07/11/2002 (Entered: 07/11/2002) |
| 06/18/2002 | 43 | REPLY Declaration of Sergio Saenz Garza; (docmt unsealed purs to order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 44 | Transcript of record of proceedings for the date(s) of April 29, 2002 before Hon. Robert J. Ward (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 45 | NOTICE OF MOTION by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. for an order dismissing complaint ; Return Date 6/7/02 at 9:00. (docmt unsealed purs to order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 46 | AFFIDAVIT of Michael T. Tomaino, Jr. by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. in support of [45-1] motion for an order dismissing complaint. (docmt unsealed purs to Order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |

| | | |
|---|---|---|
| 06/18/2002 | 47 | MEMORANDUM OF LAW by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. in support of [45-1] motion for an order dismissing complaint. (docmt unsealed purs to Order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 48 | MEMORANDUM OF LAW by Wisdom Import Sales in opposition to [45-1] motion for an order dismissing complaint. (docmt unsealed purs to Order of 06/18/02, document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 49 | DECLARATION of Kent K. Anker by Wisdom Import Sales; (docmt unsealed purs to Order of 06/18/02 document #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 50 | Supplemental Declaration of Sergio Saenz Garza NOTICE of by Wisdom Import Sales. (docmt unsealed as per order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 51 | ANSWER to Complaint by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. (Attorney David B. Tulchin from the Firm: Sullivan & Cromwell). (docmt unsealed purs to Order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 52 | MEMORANDUM OF LAW by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. in opposition to Wisdom's Motion for a Preliminary Injunction (docmt unsealed purs to order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 53 | DECLARATION of James Merideth (docmt unsealed purs to Order of 06/18/02, docmt #20) (djc) (Entered: 07/11/2002) |
| 06/18/2002 | 54 | AFFIDAVIT OF SERVICE of summons and complaint and Rule 1.9 statement as to LF Holdings I by Joanne Maymi on 5/1/02. Answer due on 5/21/02 for LF Holdings I. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 54 | AFFIDAVIT OF SERVICE of summons and complaint and Rule 1.9 Statement as to Labatt Holdings by Joanne Maymi on 5/1/02. Answer due on 5/21/02 for Labatt Holdings. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 54 | AFFIDAVIT OF SERVICE of summons and complaint as to Labatt Brewing Co., and Rule 1.9 Statement by Ann Boutilier on 5/1/02. Answer due on 5/21/02 for Labatt Brewing Co. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 54 | AFFIDAVIT OF SERVICE of summons and complaint as to Labatt USA, L.L.C. by Sati Jainam on 5/1/02. Answer due on 5/21/02 for Labatt USA, L.L.C. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 54 | AFFIDAVIT OF SERVICE of as to Labatt USA, L.L.C. by Sati Jainam on 5/1/02. Answer due on 5/21/02 for Labatt USA, L.L.C. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 55 | NOTICE of withdrawal of Motion to Dismiss the Complaint by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. (djc) (Entered: 07/12/2002) |
| 06/18/2002 | 56 | BOND #CGB8641-214 in the sum of $5,000,000.00 entered by Wisdom Import |

| | | |
|---|---|---|
| | | Sales from Fidelity and Deposit Company of Maryland. (djc) (Entered: 07/12/2002) |
| 07/11/2002 | 23 | Transcript of record of proceedings before Judge John S. Martin for the date(s) of 5/23/02. (tr) (Entered: 07/11/2002) |
| 07/11/2002 | 57 | Transcript of record of proceedings before Judge John S. Martin for the date(s) of 5/10/02 at 2:30pm. (laq) (Entered: 07/29/2002) |
| 01/02/2003 | 58 | NOTICE of by Labatt Brewing Co., Labatt Holdings, Labatt USA, L.L.C., LF Holdings I, Interbrew, S.A. that Sullivan & Cromwell haas registered with the N.Y. Secretary of State as a limited liability partnership, effective as of 1/1/03, and has changed its firm name to Sullivan & Cromwell, L.L.P. (tp) (Entered: 01/09/2003) |
| 09/05/2003 | 59 | MANDATE OF USCA (certified copy) Re: [15-1] appeal. ORDERED ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED in accordance with the opinion of this court. ISSUED AS MANDATE 8/28/03, 02-7579. MACKECHNIE, CLERK, USCA. (pr) (Entered: 09/09/2003) |
| 10/10/2003 | 60 | Notice of Case reassignment to Judge Alvin K. Hellerstein . Copy of notice and judge's rules mailed to Attorney(s) of record: David B. Tulchin, Stephen R. Neuwirth . (gf) (Entered: 10/20/2003) |
| 10/21/2003 | 61 | ORDER AND FINAL JUDGMENT ON CONSENT; Defendants are permanently enjoined from taking any actions in furtherance of the integration of the Beck's brands of beer into LaBatt USA LLC, as further set forth on this judgment. Each party shall bear its own costs, including attorneys fees and expert fees and other costs and disbursements. ( signed by Judge Deborah A. Batts ) Entered On Docket: 10/24/03. (sb) (Entered: 10/24/2003) |
| 10/21/2003 | | Case closed. (sb) (Entered: 10/27/2003) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 12/03/2009 15:26:03 | | |
| PACER Login: | qe0001 | Client Code: |
| Description: | Docket Report | Search Criteria: | 1:02-cv-03249-AKH |
| Billable Pages: | 5 | Cost: | 0.40 |